**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**HELENA AGRI-ENTERPRISES LLC**                                      **PLAINTIFF**

**v.**                          **Case No. 2:19-cv-00116-LPR**

**ESLEY E. JOHNSON, JR.**                                            **DEFENDANT**

**AMENDED ORDER**

Before the Court are Plaintiff's Motions for Default Judgment[1] and for Costs.[2]  For the reasons explained below, Plaintiff's Motions are GRANTED.

**I. BACKGROUND**

According to Plaintiff's Complaint, on or about March 1, 2018, Defendant submitted an application to Plaintiff for a commercial credit account.[3]  Plaintiff approved Defendant's application for credit.[4]  During the 2018 growing season, Defendant purchased agricultural inputs on credit from Plaintiff pursuant to the terms of their Credit Agreement.[5]  The purchases amounted to $146,360.66.[6]  Under the terms of the Credit Agreement, if there was an unpaid principal balance on Defendant's credit account, the account would accrue finance charges at a rate of 1.4% per month.[7]  Defendant failed to make payments, and finance charges accrued on Defendant's

---

[1] Pl.'s Mot. for Default J. (Doc. 7).

[2] Pl.'s Mot. for Costs (Doc. 9).

[3] Pl.'s Compl. (Doc. 1) at 1.

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*; Ex. 2 to Pl.'s Compl. (Doc. 1) at ¶ 3.

credit account.[8]  By August 25, 2019, the total balance of principal and finance charges was $168,748.69.[9]

On September 6, 2019, Plaintiff filed a Complaint in this Court seeking a judgment in the amount of $168,748.69, plus pre-judgment finance charges according to the contract rate, post-judgment interest at the highest rate allowed by law, costs, and attorney's fees.[10]  Defendant was served with a Summons and copy of the Complaint on October 1, 2019.[11]  Defendant has not filed an answer or other responsive pleading.[12]  On November 8, 2019, Plaintiff filed a Motion for Clerk's Entry of Default.[13]  The Clerk entered default against Defendant on that same date.[14]  On December 10, 2019, Plaintiff filed Motions for Default Judgment[15] and for Costs.[16]

## II.  LEGAL STANDARD

With regard to default, under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[17]  A clerk's entry of default under Federal Rule of Civil Procedure 55(a) permits the plaintiff to move for default judgment under Rule 55(b).[18]  Under Rule 55(b)(1), the clerk can enter default judgment

---

[8] Pl.'s Compl. (Doc. 1) at 2-3.

[9] *Id.*; *see also* Ex. 4 to Pl.'s Compl. (Doc. 1).

[10] Pl.'s Compl. (Doc. 1) at 3.

[11] Aff. of Service (Doc. 2).

[12] Clerk's Entry of Default (Doc. 5).

[13] Pl.'s Mot. for Entry of Default (Doc. 3).

[14] Clerk's Entry of Default (Doc. 5).

[15] Pl.'s Mot. for Default J. (Doc. 7).

[16] Pl.'s Mot. for Costs (Doc. 9).

[17] FED. R. CIV. P. 55(a).

[18] *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party has failed to plead or otherwise defend against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).") (citation and internal quotation marks omitted).

if a "plaintiff's claim is for a sum certain or a sum that can be made certain by computation,"[19] such as an amount clearly due under a contract.[20]  If the claim is not for a definite amount, the plaintiff "must apply to the court for a default judgment."[21]  Even when "amounts owed under the parties' agreement could be considered a sum certain under Rule 55(b)(1)," a plaintiff's request for attorney's fees "prevents the clerk from entering a judgment under Rule 55(b)(1), since the reasonableness of the attorneys' fees necessitates a judgment call by the Court."[22]

Rule 55(b) provides that a "default judgment may be entered against a party who has defaulted 'for not appearing.'"[23]  The Eighth Circuit "has not articulated specific factors that must be considered in determining whether a Rule 55(b) motion for default judgment for failure to defend should be granted."[24]  Federal law states that before entering default judgment, a court must ascertain whether the party is in military service.[25]

---

[19] FED. R. CIV. P. 55(b)(1).

[20] *Purity Bakery Bldg. Ltd. P'ship v. Penn-Star Ins. Co.*, No. 11-CV-0094-PJS-AJB, 2011 WL 1324973, at *2 (D. Minn. Apr. 7, 2011) ("Typically, Rule 55(b)(1) is used to collect a specific amount that was due on a specific date under a specific contract, such as the balance due on a student loan."); *see also Thorpe v. Thorpe*, 364 F.2d 692, 694 (D.C. Cir. 1966) (holding that the "full amount of the check in question" was a sum certain for purposes of Rule 55(b)(1)); *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19-20 (1st Cir. 2003) (collecting cases on the definition of "sum certain").

[21] FED. R. CIV. P. 55(b)(2).

[22] *US Foods, Inc. v. EBA Tr., Inc.*, No. 17-CV-326-LM, 2018 WL 4259842, at *1 n.1 (D.N.H. July 18, 2018) (internal quotation marks and citation omitted); *see also Ferraro v. Arthur M. Rosenburg Co.*, 156 F.2d 212, 214 (2d Cir. 1946) (holding that the need to fix a "reasonable" attorney's fee prevented the clerk from entering default judgment under Rule 55(b)(1)).

[23] *Am. Auto. Ass'n, Inc. v. Advance Quotes, LLC*, No. 6:10-CV-06020, 2010 WL 2985505, at *2 (W.D. Ark. June 29, 2010), report and recommendation adopted, No. CIV. 10-6020, 2010 WL 2990063 (W.D. Ark. July 26, 2010) (citing FED. R. CIV. P. 55(b)(1)).

[24] *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).  The Eighth Circuit has held that failing to appear at hearings and depositions even after filing an answer is "ample basis for a grant of default judgment."  *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001) (holding that defendants' "conduct provide[d] ample basis for a grant of default judgment" where defendants had answered the complaint but then "complete[ly] fail[ed] to engage in discovery and fail[ed] to appear at depositions and hearings set by the court"); *see also Dole v. L & J, Inc.*, No. CIV. A. LR-C-89-339, 1990 WL 250974, at *1 (E.D. Ark. Feb. 26, 1990) (granting default judgment after plaintiff defaulted for failure to appear).

[25] When a party is in military service, a default judgment may not be entered against that party unless he or she is represented.  *See* 50 U.S.C. § 3931(b)(2).

3

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true."[26]   However, a court must ensure that the "unchallenged facts constitute a legitimate cause of action" before entering a default judgment.[27]   "Under Rule 55(b)(2), the Court may hold an evidentiary hearing to determine damages, but a hearing is not required if the amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs."[28]

Regarding attorney's fees, Federal Rule of Civil Procedure 54(d)(2) provides for motions for attorney's fees.   "In a diversity case, state law generally governs the question whether there is a right to attorney's fees."[29]   The Eighth Circuit has held that when "Arkansas is the forum, [a court should] apply the Arkansas choice-of-law rules in determining which state law governs the issue."[30]   "The Supreme Court of Arkansas considers the allowance of the statutory penalty and attorney's fees to be 'a procedural matter governed by the laws of the State of Arkansas.'"[31]   As such, Arkansas law relating to attorney's fees applies "where Arkansas is the forum, even where the law of another State governs substantive issues," such as the interpretation of a contract.[32] Arkansas Code Annotated section 16-22-308 states:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject

---

[26] *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

[27] *Id.*

[28] *BMO Harris Bank N.A. v. Richland Express, Inc.*, No. 2:17-CV-00149-KGB, 2018 WL 8299883, at *7 (E.D. Ark. Sept. 28, 2018); *see also* Fed. R. Civ. P. 55(b)(2); *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332-33 (8th Cir. 1988).

[29] *Ferrell v. W. Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).

[30] *Id.*

[31] *Id.*

[32] *Id.* at 796-97.

matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.[33]

In a case applying this statute, the Arkansas Supreme Court observed that courts have "broad discretion in matters relating to an award of attorney's fees."[34]

Regarding costs, Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  According to 28 U.S.C. § 1920, a "judge or clerk of any court of the United States may tax as costs the . . . [f]ees of the clerk."[35]  Filing fees are among the "items covered by Rule 54(d) and the statute."[36]

## III. DISCUSSION

In this case, the Clerk's entry of default was appropriate.  Defendant failed to file an answer or other responsive pleading within twenty-one days of service of the Summons and Complaint,[37] and that failure was shown by affidavit.[38]  Plaintiff's counsel filed an affidavit stating that he had conducted a search in compliance with the Servicemembers Civil Relief Act and determined that Defendant is not in military service.[39]

---

[33] Plaintiff noted that "Tennessee law . . . governs the Credit Agreement" and cited Tennessee caselaw regarding attorney's fees.  Pl.'s Br. in Supp. of Mot. for Default J. (Doc. 8) at 3.  Under Tennessee common law, "parties to a contract have been able to specifically and expressly create a right to recover attorney fees . . . by incorporating the phrase 'including reasonable attorney fees' or some other similar, yet equally specific, contractual language." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 310 (Tenn. 2009).  The Credit Agreement states that Defendant must pay "reasonable attorney's fees" incurred by Plaintiff in a legal action to collect on a default account.  Ex. 2 to Pl.'s Compl. (Doc. 1) at ¶ 6.  This Court concludes that, if Tennessee law applied, the language in the contract would be sufficient to create a right to recover attorney's fees.  Because both Arkansas and Tennessee law provide for "reasonable attorney's fees" under the circumstances of this case, the outcome would be the same regardless of which state's law applies.

[34] *Perry v. Baptist Health*, 243 S.W.3d 310, 314 (Ark. 2006).

[35] 28 U.S.C. § 1920(1).

[36] *Harrell v. Indep. Cty., Ark.*, No. 1:12-CV-20-DPM, 2015 WL 5972424, at *1 (E.D. Ark. Oct. 14, 2015).

[37] Clerk's Entry of Default (Doc. 5).

[38] Aff. of Service (Doc. 2).

[39] Ex. A to Aff. in Compliance with Servicemembers Civil Relief Act (Doc. 3-1) at ¶ 2.

Plaintiff filed the instant Motion for Default Judgment with the necessary supporting documentation (including an affidavit from Plaintiff's credit manager attesting to the principal amount and finance charges,[40] and billing statements reflecting the attorney's fees[41]) and provided notice to Defendant,[42] even though Rule 55 does not require Plaintiff to provide such notice.[43]

Taking Plaintiff's allegations in the Complaint as true, except for those allegations as to the amount of damages, the Court concludes that the unchallenged facts constitute a legitimate cause of action for breach of contract, that Defendant has breached the contract, and that Plaintiff is entitled to default judgment against Defendant. The Credit Agreement stated that payment for each purchase by Defendant was due thirty days after the date of the first statement reflecting such purchase.[44] If Defendant failed to pay for a purchase within thirty days of the first monthly statement reflecting the purchase, "the account [could] be considered by [Plaintiff], at its option, to be in default, and [Plaintiff could] elect to declare any amounts outstanding immediately due and payable."[45] Under these terms, Defendant defaulted by failing to make full payments within

---

[40] Ex. 1 to Pl.'s Mot. for Default J. (Doc. 7-1).

[41] Ex. 2 to Pl.'s Mot. for Default J. (Doc. 7-2).

[42] Pl.'s Mot. for Default J. (Doc. 7) at 4.

[43] The Rules require that a non-moving party be served notice of a motion for default judgment only when the non-moving party has appeared in the case. FED. R. CIV. P. 55(b)(2). Furthermore, the Rules require a clerk to serve notice of an entry of judgment only on parties that are not in default for failing to appear. FED. R. CIV. P. 77(d)(1). The Seventh Circuit, as well as district courts in the Eighth Circuit, has held that parties who default for failure to appear are not entitled to receive notice of a motion for default judgment. *See, e.g., Zuelzke Tool Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 230-31 (7th Cir. 1991); *Trustees of the St. Paul Elec. Const. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1065 (D. Minn. 2007). Were notice required, an on-point case from a district court in the Fifth Circuit held that the service of notice of a motion for default judgment by mail (as was done in this case) would suffice. *Motown Record Co. v. Murray*, No. CIV.A. 07-0123, 2007 WL 1521475, at *1 (W.D. La. May 21, 2007) ("Defendant has failed to file an answer within the requisite time period. Assuming arguendo that Defendant's Motion for Extension constitutes an 'appearance' within the meaning of Rule 55(b)(2), Plaintiffs provided notice of the pending default judgment by mailing a copy of their Application to Defendant's last known address . . . .") (footnotes omitted).

[44] Ex. 2 to Pl.'s Compl. (Doc. 1) at ¶ 2.

[45] *Id.* at ¶ 6.

the thirty days as agreed.  To date, there are dozens of unpaid invoices that have been overdue for over a year.[46]  Defendant is in breach of the contract.

With respect to damages, a hearing is not necessary.  The amounts due are ascertainable from definite figures, facts, and evidence provided by Plaintiff.  Documentation and evidence provided by Plaintiff, including an affidavit from its credit manager swearing that the list of open invoices and finance charges attached to the Complaint is a "true and correct listing,"[47] demonstrate Plaintiff's entitlement to the amounts sought.  Plaintiff provided documentation showing that, through August 25, 2019, the balance of principal was $146,360.66 and the balance of finance charges was $22,388.03, for a total amount due of $168,748.69.[48]  Plaintiff also provided documentation showing that there was a 1.4% monthly contract rate for pre-judgment finance charges.[49]  Applying the 1.4% contract rate to the principal balance of $146,360.66 from August 26, 2019 to the date of judgment, the Court awards pre-judgment finance charges of $9,694.93.[50]

Regarding post-judgment interest, the Credit Agreement and guaranty state that Tennessee law governs the enforcement of the contract.[51]  The Tennessee Code provides that the interest rate on judgments issued in January shall be 2% less than the annual formula rate published in December of the prior year by the Tennessee Commissioner of Financial Institutions.[52]  In

---

[46] *See* Ex. 4 to Pl.'s Compl. (Doc. 1) (showing overdue balances).

[47] Ex. 1 to Pl.'s Mot. for Default J. (Doc. 7-1) at 2.

[48] Ex. 4 to Pl.'s Compl. (Doc. 1); *see also* Ex. 1 to Pl.'s Mot. for Default J. (Doc. 7-1).

[49] Ex. 2 to Pl.'s Compl. (Doc. 1) at ¶ 3.

[50] The Court calculated the pre-judgment finance charges as follows: 1.4% (monthly rate) * 12 (months/year) = 16.8% annual rate.  16.8% / 365 (days/year) = 0.046% daily rate.  0.046% * $146,360.66 (principal balance) * 144 (days between August 26, 2019 and January 17, 2020) = $9,694.93.

[51] Ex. 2 to Pl.'s Compl. (Doc. 1) at ¶ 18; Ex. 3 to Pl.'s Compl. (Doc. 1) at ¶ 5.

[52] TENN. CODE ANN. § 47-14-121(a)(2) (2013) ("[T]he interest rate on judgments per annum in all courts, including decrees, shall: For any judgment entered between January 1 and June 30, be equal to two percent (2%) less than the

7

December 2019, the Tennessee Commissioner of Financial Institutions published formula rates of 8.75%.[53]  However, Eighth Circuit precedent is clear that the federal post-judgment interest statute applies instead of Tennessee law.[54]  That federal statute calls for post-judgment interest at a rate of 1.538%.[55]  "Interest shall be computed daily to the date of payment" and "compounded annually."[56]

Regarding attorney's fees, Plaintiff has requested $2,200.[57]  Plaintiff has provided documentation of its legal expenses showing 3.9 hours billed at $100 an hour and 12.2 hours billed at $150 an hour,[58] which actually totals to $2,220.  The Court concludes that the activities undertaken, hours billed, and hourly rates are reasonable, and therefore grants the request for attorney's fees of $2,200.

Regarding the Motion for Costs,[59] the Court grants Plaintiff's request to tax as costs the filing fee of $400 charged by this Court for filing the Complaint and issuing Summons in this action.

---

formula rate per annum published by the commissioner of financial institutions, as required by § 47-14-105, for December of the prior year.").

[53] *Historical Listing of Formula Rates as Determined Pursuant to T.C.A. 47-14-105*, TENNESSEE DEPARTMENT OF FINANCIAL INSTITUTIONS, https://www.tn.gov/content/tn/tdfi/tdfi-how-do-i/info/formula-rate/formula-rate-history.html (listing the formula rate as 8.75% at all times during December of 2019).

[54] *Maddox v. Am. Airlines*, 298 F.3d 694, 699-700 (8th Cir. 2002).

[55] 28 U.S.C. § 1961(a) (stating that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment").  The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the original judgment was 1.538%.  *See* BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, (Oct. 18, 2021, 11:00 a.m.), https://www.federalreserve.gov/releases/h15/.  The cited website provides historical data from which the Court calculated the rate of interest.

[56] 28 U.S.C. § 1961(b).

[57] Pl.'s Mot. for Default J. (Doc. 7) at 2.

[58] Ex. 2 to Pl.'s Mot. for Default J. (Doc. 7-2).

[59] Pl.'s Mot. for Costs (Doc. 9).

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Default Judgment and for Costs are GRANTED.[60]

IT IS SO ORDERED this 18th day of October 2021.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[60] This is an amended order. I have issued it to correct errors in the initial opinion that I discovered while evaluating Plaintiff's recent garnishment request. First, in one paragraph of the initial order, I flipped the references to Plaintiff and Defendant. Second, with respect to attorney's fees, although Plaintiff only requested (and thus is only being awarded) $2,200, the math on the fee calculation actually works out to $2,220. Third, post-judgment interest should be calculated according to 28 U.S.C. § 1691, and not according to Tennessee law. *See supra* notes 54-56 and accompanying text. Finally, I have corrected a very few grammatical errors.